————o————

## No. 5911.

## MRS. MAMIE M. DIXEY vs. EDWARD M. MOALES.

### Syllabus.

1. A lessee, or in fact any one upon whom is imposed the obligation of carefully keeping a thing, must take all the care of it that could be expected from a good or prudent administrator.

    R. C. C., 1908, 2710, 2711, 2721.

2. Consequently, the lessee of a dwelling who, at the termination of the lease, vacates and leaves unguarded the premises without notice to the lessor and without actively surrendering possession thereof to him as expressly required by the terms of the lease, is liable to the latter for the loss of valuable gas brackets and chandeliers stolen from the premises while the lessee was thus at fault.

Appeal from the Civil District Court, Parish of Orleans, Division "E," No. 100,218. Hon. G. H. Theard, Judge.

H. H. Price, for plaintiff and appellee.

Dinkelspiel, Hart & Davey, attorneys.

Jones & Moreno, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The lease of the dwelling, which, by its terms, expired September 30, contains this express stipulation: "The lessee binds himself * * * * at the end of the lease to return without further notice possession of said premises and appurtenances, by actual delivery of the keys to the lessor, in like good order," etc.

On September 30 the lessee vacated and removed his belongings, locking and bolting the openings, but leaving the premises otherwise unguarded and unprotected. He did this without notice to the lessor and without surrendering possession as required by the lease, the keys not being delivered to the lessor until October 3. Meanwhile, however, that is, while the dwelling was thus vacant and unguarded, and prior to the delivery of the keys to the lessor, several valuable gas brackets and chandeliers, included within the lease, were stolen from the premises; and this suit is for the recovery of their value by the lessor from the lessee, who, condemned by the trial Court, prosecutes this appeal.

The facts, as detailed above, are undisputed, and in our opinion, as a matter of law, discloses liability on defendant's part.

— 47 —

During the lease the defendant must enjoy and care for the property as a "good administrator," and is liable for damages occasioned by his failure to do so.

R. C. C., 2710, 2711, 2724.

Such being the measure of care that the lessee must bestow upon the thing leased, it appears to be well settled in France under the Code Napoleon, the provisions of which correspond substantially with ours upon the subject, that it is a breach of this obligation for a tenant to abandon a dwellng and leave it unguarded during the existence of the lease, and that he is responsible in damages for loss occasioned thereby.

Code Napoleon, Arts. 1728, 1729, 1732.

Baudry-Lacantinere-Louage, Vol. 1, No. 753, et seq.

Dalloz—Code Civil Annote, Vol. IV, p. 386, 366, 373.

And there is direct authority for this doctrine furnished by at least one case in our reports, wherein the City of New Orleans, as lessees by the month of a schoolhouse building and yards , having vacated, abandoned and left unguarded the leased premises, during the pendency of the lease, and without notice to the lessor, was held liable in damages to the latter for the consequent despoliation of the property.

Waples vs. City of New Orleans, 23 An., 688.

See also Druhan vs. Adam, 9 An., 527.

Howes vs. Stbt. Red Chief, 15 An., 321.

Though perhaps, upon the termination of the lease, not technically a lessee, still the degree of diligence required of defendant in protecting the premises, was certainly in

— 48 —

no respect lessened by the circumstance, that, in direct violation of an express provision of the lease he still retained constructive possession by his failure to return the keys. Undoubtedly the least obligation that rested upon him with respect to the property was "to take all the care of it that could be expected from a prudent administrator." R. C. C., 1908.

> See Grillot vs. Armitage, 7 Martin, 710.
>
> Dalloz, Code Civil Annote, pp. 1018, et seq., Vol. II.

By vacating and leaving unguarded the premises at the termination of the lease, without notice to the lessor, and without actively surrendering possession thereof to him, as expressly required by the express terms of the lease, the defendant has rendered himself liable to the latter for the loss occasioned thereby.

The judgment is accordingly affirmed.

Affirmed.

Opinion and decree, December 22, 1913.

Rehearing refused, January 12, 1914.

Writ denied, February 17, 1914.